FILED

SEP 19 2017

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES L. LAURITA, JR.,

Defendant.

Criminal 1:17CR51

Violations: 18 U.S.C. § 2
18 U.S.C. § 1001
52 U.S.C. § 30116
52 U.S.C. § 30122

# INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Scheme to Cause False Statements to Federal Election Commission)

At all relevant times:

1. The defendant, **JAMES L. LAURITA, JR.**, was the president, chief executive officer, and minority owner of Mepco, LLC, a Delaware limited liability company with its principal office address located in Morgantown, West Virginia.

2. Mepco, LLC was a wholly owned subsidiary of a partnership consisting of the defendant and Longview Intermediate Holdings C, LLC.

3. Federal Candidate 1 was a candidate for election and re-election to the United States House of Representatives.

4. Committee A was the authorized federal campaign committee formed to receive campaign contributions for the election and re-election of Federal Candidate 1.

1

5. Federal Candidate 2 was a candidate for election and re-election to the United States Senate.

6. Committee B was the authorized federal campaign committee formed to receive campaign contributions for the election and re-election of Federal Candidate 2.

7. Federal Candidate 3 was a candidate for election and re-election to the United States House of Representatives or the United States Senate.

8. Committee C1 and Committee C2 were the authorized federal campaign committees formed to receive contributions for the election and re-election of Federal Candidate 3.

9. Federal Candidate 4 was a candidate for election to the United States House of Representatives.

10. Committee D was the authorized federal campaign committee formed to receive contributions for the election of Federal Candidate 4.

11. The Federal Election Campaign Act of 1971, as amended, Title 52, United States Code, Sections 30101 through 30146 ("Election Act"), placed limits and reporting obligations upon financial activity intended to influence the election of candidates for federal office for the purpose of combatting both corruption and the appearance of corruption.

12. To limit the influence that any one person could have on the outcome of a federal election, the Election Act established limits on the amounts individuals may contribute to any candidate's authorized campaign committee.

13. For the 2010 federal election cycle (running from November 2008 to November 2010), the Election Act limited both primary and general election campaign contributions to $2,400 each, for a total of $4,800 from any individual to any one candidate in the election cycle.

14. For the 2012 federal election cycle (running from November 2010 to November 2012), the Election Act limited both primary and general election campaign contributions to $2,500 each, for a total of $5,000 from any individual to any one candidate in the election cycle.

15. For the 2014 federal election cycle (running from November 2012 to November 2014), the Election Act limited both primary and general election campaign contributions to $2,600 each, for a total of $5,200 from any individual to any one candidate in the election cycle.

16. To prevent individuals from evading the limit on amounts that an individual could contribute to an authorized campaign committee, the Election Act prohibited a person from making a political contribution in the name of another person, including giving or reimbursing funds to a conduit contributor (also known as a "straw contributor") for the purpose of having the conduit contributor pass the funds on to a federal candidate in the name of the conduit contributor.

17. The Federal Election Commission ("FEC") was an agency and department of the United States with jurisdiction to enforce the limits and prohibitions of the Election Act, and to receive and publish truthful and accurate information from authorized campaign committees specifying the source and amounts of contributions to those committees for publication on the internet to provide citizens with a transparent record of contributions to candidates for federal office, which anyone may examine as a basis for further inquiry, and thereby instill public confidence that the electoral process has not been corrupted.

## Scheme

18. From on or about March 5, 2010, to on or about July 15, 2013, in the Northern District of West Virginia and elsewhere, in a matter within the jurisdiction of the FEC, a department or agency of the United States Government, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully cause the falsification, concealment, and cover up by trick, scheme, and device a material fact.

19. In or about March 2010, the defendant, aware of the legal limits on individual campaign contributions, knowingly devised a scheme and plan whereby he would unlawfully use employees of Mepco, LLC and their respective spouses as conduits through which to funnel the money of Mepco, LLC to Committee A, Committee B, Committee C1, Committee C2, Committee D, and other federal campaign committees, in the names of the conduits.

20. It was part of the scheme and plan to knowingly conceal from the FEC, the committees, the federal candidates, and the public the true source and amount of the campaign contributions.

21. It was part of the scheme and plan to use conduits to knowingly deceive the federal candidates and the committees into believing that the defendant lawfully raised significant contributions of money for the committees from the conduits when, in truth and fact, he had not.

22. It was part of the scheme and plan to cause the various committees to file reports with the FEC falsely stating that the conduits had made the contributions, when in truth and in fact, and as the defendant well knew, each contribution was made by himself with funds of Mepco, LLC.

## Execution of the Scheme

23. In execution of the scheme, the defendant **JAMES L. LAURITA, JR.**, committed, and caused others to commit, the following acts, and others, in the Northern District of West Virginia, and elsewhere.

24. On or about March 5, 2010, the defendant met with a number of employees of Mepco, LLC and advised them that he would begin to direct them and their spouses to make contributions to campaign committees selected by him in amounts specified by him, and that the money of Mepco, LLC would be used to fund these contributions.

25. On or about March 9, 2010, the defendant caused Mepco, LLC to advance funds to the conduit employees of Mepco, LLC via direct deposit wire transfers from the bank account of Mepco, LLC.

26. In or about March 2010, the defendant directly and indirectly solicited employees of Mepco, LLC to have their spouses make contributions to Committee A, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

27. On or about March 9, 2010, the defendant caused the spouse of a Mepco, LLC employee to make a contribution to Committee A in the amount of approximately $500.00, which the defendant had caused to be funded from Mepco, LLC money.

28. In or about June 2010, the defendant directly and indirectly solicited employees of Mepco, LLC, and their spouses, to make contributions to Committee A, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

29. On or about June 25, 2010, the defendant caused a Mepco, LLC employee and his spouse to each make a contribution to Committee A in the amount of approximately $1,000.00, which the defendant had caused to be funded from Mepco, LLC money.

30. In or about August 2010, the defendant directly and indirectly solicited employees of Mepco, LLC to make contributions to Committee B, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

31. On or about August 16, 2010, the defendant caused a Mepco, LLC employee to make a contribution to Committee B in the amount of approximately $1,000.00, which the defendant had caused to be funded from Mepco, LLC money.

32. On or about August 19, 2010, and in furtherance of his scheme and plan, the defendant caused Committee A to file a quarterly report with the FEC falsely stating that the conduits had made the March 2010 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

33. In or about September 2010, the defendant directly and indirectly solicited employees of Mepco, LLC to make contributions to Committee C1, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

34. On or about September 9, 2010, the defendant caused a Mepco, LLC employee to make a contribution to Committee C1 in the amount of approximately $500.00, which the defendant had caused to be funded from Mepco, LLC money.

35. On or about October 15, 2010, and in furtherance of his scheme and plan, the defendant caused Committee B to file a quarterly report with the FEC falsely stating that the conduits had made the August 2010 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

36. On or about October 15, 2010, and in furtherance of his scheme and plan, the defendant caused Committee C1 to file a quarterly report with the FEC falsely stating that the conduits had made the September 2010 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

37. On or about November 8, 2010, and in furtherance of his scheme and plan, the defendant caused Committee A to file a quarterly report with the FEC falsely stating that the conduits had made the June 2010 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

38. In or about March 2011, the defendant directly and indirectly solicited employees of Mepco, LLC, and their spouses, to make contributions to Committee A, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

39. On or about March 17, 2011, the defendant caused Mepco, LLC to advance funds to the conduit employees of Mepco, LLC via direct deposit wire transfers from the bank account of Mepco, LLC.

40. On or about March 17, 2011, the defendant caused a Mepco, LLC employee and his spouse to each make a contribution to Committee A in the maximum allowable amount of approximately $2,500.00, which the defendant had caused to be funded from Mepco, LLC money.

41. On or about April 15, 2011, and in furtherance of his scheme and plan, the defendant caused Committee A to file a quarterly report with the FEC falsely stating that the conduits had made the March 2011 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

42. On or about August 12, 2011, the defendant caused Mepco, LLC to advance funds to the conduit employees of Mepco, LLC via direct deposit wire transfers from the bank account of Mepco, LLC.

43. In or about April 2012, the defendant directly and indirectly solicited employees of Mepco, LLC to make contributions to Committee B, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

44. On or about April 5, 2012, the defendant caused a Mepco, LLC employee to make a contribution to Committee B in the maximum allowable amount for the primary and general elections of approximately $5,000.00, which the defendant had caused to be funded from Mepco, LLC money.

45. On or about April 23, 2012, and in furtherance of his scheme and plan, the defendant caused Committee B to file a quarterly report with the FEC falsely stating that the conduits had made the April 2012 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

46. In or about September 2012, the defendant directly and indirectly solicited employees of Mepco, LLC to make contributions to Committee D, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

47. On or about September 21, 2012, the defendant caused a Mepco, LLC employee to make a contribution to Committee D in the amount of approximately $1,000.00, which the defendant had caused to be funded from Mepco, LLC money.

48. On or about October 15, 2012, and in furtherance of his scheme and plan, the defendant caused Committee D to file a quarterly report with the FEC falsely stating that the conduits had made the September 2012 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

49. In or about March 2013, the defendant directly and indirectly solicited employees of Mepco, LLC, and their spouses, to make contributions to Committee A, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

50. In or about March 2013, the defendant directly and indirectly solicited employees of Mepco, LLC, and their spouses, to make contributions to Committee C2, in amounts specified by the defendant and using the funds of Mepco, LLC, which the defendant had caused to be advanced to the employees.

51. On or about March 14, 2013, the defendant caused Mepco, LLC to advance funds to the conduit employees of Mepco, LLC via direct deposit wire transfers from the bank account of Mepco, LLC.

52. On or about March 23, 2013, the defendant caused a Mepco, LLC employee and his spouse to each make a contribution to Committee C2 in the maximum allowable amount of approximately $2,600.00, which the defendant had caused to be funded from Mepco, LLC money.

53. On or about April 1, 2013, the defendant caused a Mepco, LLC employee and his spouse to each make a contribution to Committee A in the maximum allowable amount of approximately $2,600.00, which the defendant had caused to be funded from Mepco, LLC money.

54. On or about April 15, 2013, and in furtherance of his scheme and plan, the defendant caused Committee A to file a quarterly report with the FEC falsely stating that the conduits had made the March 2013 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

55. On or about July 15, 2013, and in furtherance of his scheme and plan, the defendant caused Committee C2 to file a quarterly report with the FEC falsely stating that the conduits had made the March and April 2013 contributions, when in truth and in fact, and as the defendant well knew, the defendant had caused each contribution to be funded from Mepco, LLC.

56. All in violation of Title 18, United States Code, Sections 1001(a)(1) and 2.

## COUNT TWO

(Causing Contributions in the Name of Another)

1. Paragraphs 1, 2, 5, 6, 9, 10, and 43 through 48 of Count One are incorporated as though fully set forth herein.

2. During the calendar year 2012, in the Northern District of West Virginia and elsewhere, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully make, and cause to be made, contributions of money, aggregating $25,000.000 and more during the 2012 calendar year, in the names of others, to a candidate seeking nomination for election to federal office.

3. All in violation of Title 52, United States Code, Sections 30122, 30109(d)(1)(A)(i), and 30109(d)(1)(D) and Title 18, United States Code, Section 2.

## **COUNT THREE**

(Causing Contributions in the Name of Another)

1. Paragraphs 1 through 4, 7, 8, and 49 through 55 of Count One are incorporated as though fully set forth herein.

2. During the calendar year 2013, in the Northern District of West Virginia and elsewhere, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully make, and cause to be made, contributions of money, aggregating $25,000.000 and more during the 2013 calendar year, in the names of others, to a candidate seeking nomination for election to federal office.

3. All in violation of Title 52, United States Code, Sections 30122, 30109(d)(1)(A)(i), and 30109(d)(1)(D) and Title 18, United States Code, Section 2.

## **COUNT FOUR**

(Causing Excessive Contributions)

1. Paragraphs 1 through 4, 15, 49, 51, and 53 of Count One are incorporated as though fully set forth herein.

2. In or about March 2013, in the Northern District of West Virginia and elsewhere, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully make, and cause to be made, contributions to Committee A, the official federal campaign committee of Federal Candidate 1, which contributions exceeded the limitation contained in the Election Act, and which violation aggregated $25,000.000 and more during the 2013 calendar year.

3. All in violation of Title 52, United States Code, Sections 30116 and 30109(d)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT FIVE

(Causing Excessive Contributions)

1. Paragraphs 1, 2, 7, 8, 15, and 50 through 52 of Count One are incorporated as though fully set forth herein.

2. In or about April 2013, in the Northern District of West Virginia and elsewhere, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully make, and cause to be made, contributions to Committee C2, the official federal campaign committee of Federal Candidate 3, which contributions exceeded the limitation contained in the Election Act, and which violation aggregated $25,000.000 and more during the 2013 calendar year.

3. All in violation of Title 52, United States Code, Sections 30116 and 30109(d)(1)(A)(i), and Title 18, United States Code, Section 2.

## COUNT SIX

(Causing False Statement to Federal Election Commission)

1. Paragraphs 1, 2, 9, 10, and 46 through 48 of Count One are incorporated as though fully set forth herein.

2. On or about October 15, 2012, in the Northern District of West Virginia and elsewhere, in a matter within the jurisdiction of the Federal Election Commission, a department or agency of the United States Government, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully cause to be made a materially false, fictitious, and fraudulent statement and representation, to wit: an October 2012 quarterly report filed with the FEC, which falsely, fictitiously, and fraudulently stated that contributions to Committee D came from the funds of individual employees of Mepco, LLC, and certain of their spouses, when, in truth and in fact, as the defendant well knew, the contributions came from himself through the funds of Mepco, LLC.

3. All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT SEVEN

(Causing False Statement to Federal Election Commission)

4. Paragraphs 1 through 4, 49, 51, 53, and 54 of Count One are incorporated as though fully set forth herein.

5. On or about April 15, 2013, in the Northern District of West Virginia and elsewhere, in a matter within the jurisdiction of the Federal Election Commission, a department or agency of the United States Government, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully cause to be made a materially false, fictitious, and fraudulent statement and representation, to wit: an April 2013 quarterly report filed with the FEC, which falsely, fictitiously, and fraudulently stated that contributions to Committee A came from the funds of individual employees of Mepco, LLC, and certain of their spouses, when, in truth and in fact, as the defendant well knew, the contributions came from himself through the funds of Mepco, LLC.

6. All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT EIGHT

(Causing False Statement to Federal Election Commission)

1. Paragraphs 1, 2, 7, 8, 50 through 52, and 55 of Count One are incorporated as though fully set forth herein.

2. On or about July 15, 2013, in the Northern District of West Virginia and elsewhere, in a matter within the jurisdiction of the Federal Election Commission, a department or agency of the United States Government, the defendant, **JAMES L. LAURITA, JR.**, did knowingly and willfully cause to be made a materially false, fictitious, and fraudulent statement and representation, to wit: an July 2013 quarterly report filed with the FEC, which falsely, fictitiously, and fraudulently stated that contributions to Committee C2 came from the funds of individual employees of Mepco, LLC, and certain of their spouses, when, in truth and in fact, as the defendant well knew, the contributions came from himself through the funds of Mepco, LLC.

3. All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

A true bill,

_/s/_____
Foreperson

/s/_____
Betsy Steinfeld Jividen
Acting United States Attorney

Jarod J. Douglas
Assistant United States Attorney